BEFORE THE SECOND DIVISION, MARCH 21, 1950

No. 54136.—W. R. Zanes & Company v. United States, protest 130030–K (Galveston).

LAWRENCE, Judge: At the trial, counsel for plaintiff stated that "this case involves the importation of some merchandise that was entered as steel window frames, complete with panes and handles," and further, that "the only contention between the Government and the importer is that because of the fact that panes and handles were imported with the frames, the Government is contending they are no longer dutiable as frames and sashes, but as manufactures of metal."

The entry describes the merchandise as "86 Steel Window Frames, Complete window panes and operating handles" and shows an entered value of "4128.00 Mex. Cy." to which the importer added a tax of 68.12 Mex., giving a total value of $863 United States currency. That the importer regarded the importation as an entirety is indicated by the fact that not only did it describe the merchandise as above quoted but also claimed that it should be subjected to duty at 15 per centum ad valorem in paragraph 312 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 312).

The collector of customs classified the importation as—

Articles or wares not specially provided for, * * * composed wholly or in chief value of * * * steel, * * * but not plated with platinum, gold, or silver, or colored with gold lacquer, * * *

in paragraph 397 of said act (19 U. S. C. § 1001, par. 397) and assessed duty thereon at the rate of 45 per centum ad valorem.

The protest filed herein is limited to the claim of plaintiff that the merchandise is dutiable in paragraph 312 of said act which "specifically covers sashes and frames at 15%."

The pertinent provision of paragraph 312 of the Tariff Act of 1930 reads as follows:

* * * sashes and frames of iron or steel, 25 per centum ad valorem * * *.

That rate was reduced to 15 per centum ad valorem by the trade agreement between the United Kingdom and the United States, effective January 1, 1939 (74 Treas. Dec. 253, T. D. 49753).

It will be observed that no specific claim is made with respect to the window panes which accompanied the frames.

Mr. Kingrey, the only witness who testified herein, stated that he was in the building business, and on cross-examination said that he was a silent partner with T. E. Nelson, the ultimate consignee of the merchandise; that he had installed some of the imported frames in a building in Houston; and that he knew of no other use that could be made of the imported articles than as window frames.

It appears from his testimony that the importation consisted of 86 steel window frames together with window panes cut to fit the frames and that there was also an equal number of operating handles, and that when the various parts were assembled they were incorporated into certain buildings. The witness also stated that "We sold some of these windows. We were in the business of selling windows."

From the foregoing it would appear that complete windows were imported in a knocked-down condition.

It is noted that although plaintiff requested time to file a brief, none was filed by it herein.

The underlying principles which guide us in a determination of this case were summarized in the case of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232. It was there held that certain untrimmed cotton corsets and lace trimmings which were imported unattached but packed in the same case were regarded by the collector as entireties and as such were dutiable as cotton lace wearing apparel. The importer contended that the trimmings and the corsets should have been treated as separable for tariff purposes. This court (then known as the Board of United States General Appraisers) denied importer's claim and on appeal its judgment was affirmed. In the course of its opinion, the appellate court pointed out that—

The matter of the separability of imported goods, for duty purposes, has been before the courts many times. A brief review of the authorities may be helpful here.

One of the first cases to be reviewed by the court was *United States* v. *Schoverling*, 146 U. S. 76. It appears that certain gun stocks were imported and intended to be joined with gun barrels which were to be imported at a later time. The collector of customs had classified the gun stocks as guns. This classification was held to be improper, the court being of the opinion that the stocks were dutiable as imported.

In a later case, however, certain gun stocks, gun barrels, and other parts of complete guns, shipped on the same vessel but in separate packages, were held to be properly dutiable as guns. *United States* v. *Irwin*, 78 Fed. 799 (Circuit Court of Appeals, Second Circuit).

After discussing numerous judicial authorities, the court in the *Altman* case, *supra*, reached the following conclusion:

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

See also *United States* v. *Kronfeld, Saunders, Inc.*, 20 C. C. P. A. (Customs) 57, T. D. 45679, and cases therein cited. In the *Kronfeld* case, *supra*, a platinum bracelet mounting and 234 diamonds shipped in the same package, the diamonds being intended for that particular mounting, were held to be an entirety.

The record before us clearly discloses that the importation here under consideration consisted of certain parts which were designed to be joined or attached together to make complete windows and that they were so used.

Applying the rule laid down by the appellate court in the above-cited authorities to the facts before us, it is obvious that the imported articles should be treated as entireties. There being no provision in the Tariff Act of 1930 for windows as such, it follows that the classification and assessment of duty by the collector of customs herein were proper.

The protest is therefore overruled. Judgment will be entered accordingly.